IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RONNIE RENARD LEMONS, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:07-CV-598-Y |
| § | |
| REBECCA TAMEZ, Warden, § | |
| FCI-Fort Worth, § | |
|     Respondent. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner Ronnie Renard Lemons, Reg. No. 29375-179, was a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth) at the time this petition was filed. Via telephonic communication with the Bureau of Prisons (the Bureau), it has been verified that Lemons now resides at the Dismas Halfway House, 7011 Alameda, El Paso, Texas, 79915, with a projected release date of January 11, 2009.

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

C. PROCEDURAL HISTORY

Lemons is serving a 56-month term of imprisonment on his conviction for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 in the United States District Court for the Southern District of Mississippi, Jackson Division. *See* CM/ECF, Criminal Docket for Case # 3:03-CR-160-HTW-JCS-2. While incarcerated at FCI-Fort Worth, Lemons participated in a Residential Drug Abuse Program (RDAP) for early release consideration under 18 U.S.C. § 3621(e).[1] (Resp't Appendix at 17) On August 25, 2006, Lemons was found guilty of a disciplinary offense for possessing a homemade knife in his cell, a Code 104 violation, although he and his cellmate Jeremy Snowden denied ownership or knowledge of the knife. (*Id.* at 13-16) Snowden, who was found guilty of the same disciplinary offense, wrote a statement, after the fact, accepting full responsibility and absolving Lemons of any knowledge or blame. Based on Snowden's statement, Lemons appealed the DHO's decision through the prison's administrative process to no avail. (*Id.* at 5-8) As a result of the disciplinary violation, Lemons was expelled from the RDAP program pursuant to Program Statement 5330.10. (*Id.* at 17, 21-23) *See* U.S. Department of Justice, Federal Bureau of Prisons/Freedom of Information Act/Policy/Bureau Program Statements (policies), *available at* http://www.bop.gov. Lemons did not appeal the decision to remove him from the program through the prison's administrative process. (Resp't Appendix at 3-4) He filed the instant petition on October 2, 2007. The government has filed a response with supporting documentary exhibits, to which Lemons did not reply.

D. ISSUES

---

[1] Title 18 U.S.C. § 3621(e)(2)(B) allows the Bureau to reduce the sentence of a prisoner convicted of a nonviolent felony offense by up to one year upon successful completion of a drug abuse treatment program. 18 U.S.C. § 3621(e)(2)(B); *see also* 28 C.F.R. §§ 550.50-550.60.

Lemons claims the weapon belonged to his cellmate, and he seeks expungement of the disciplinary finding and reinstatement in the RDAP program at the point where he was expelled. (Petition at 7)

E. DISCUSSION

In the context of prison disciplinary proceedings resulting in the loss of good time credits, as here, an inmate is entitled to minimum due process requirements, which include the requirement that there exist "some evidence" in support of the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454-55 (1986); *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974). Prison disciplinary proceedings are overturned only where *no* evidence in the record supports the decision. *See Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Hill*, 472 U.S. at 455. The relevant inquiry is whether there is any evidence in the record that could support the conclusion reached by the disciplinary hearing officer (DHO). *Id.* at 455-56.

It is the role of the DHO to make determinations regarding matters of credibility and reliability of the evidence. *Smith v. Rabalais*, 659 F.2d 539, 545-46 (5th Cir. 1981); *Najjar v. Yusuff*, 81 Fed. Appx. 815, 816, 2003 WL 22427949, at *1 (5th Cir. 2003). So long as the decision of the DHO is not arbitrary or capricious, a reviewing court will not substitute its judgment for that of the prison authorities. *Steward v. Thigpen*, 730 F.2d 1002, 1005-06 (5th Cir. 1984). Here, the DHO took into account documentary evidence in the form of the incident report and a photo of the weapon, Snowden's statement at the hearing, Lemons's statements to the investigating officer and his staff representative, and Lemons's statement during the hearing. (Resp't Appendix at 15) It was within

3

the discretion of the hearing officer to determine the believability of the witnesses and the reliability of the evidence presented at the hearing. *Babalais*, 659 F.2d at 545. Because there was some evidence to support the finding, it does not appear that the disciplinary officer's decision was arbitrary or capricious. *See Wolff*, 418 U.S. at 564-66; *McDuffie v. Estelle*, 935 F.2d 682, 687-88 (5th Cir. 1991).

As to Lemons's request for reinstatement into the RDAP program, the issue is now moot.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that Lemons's petition for writ of habeas corpus be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 22, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 22, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 1, 2008.


    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE